COSGROVE, Judge.
This action is brought by the Plaintiff, Mohegan Tribal Gaming Authority, against the Defendant, Derek S. Bethea, seeking to recover money damages based on theories of statutory theft (§ 52 C.G.S. 564), fraud and conversion.
This court has jurisdiction over these claims pursuant to M.T.O. 95-4 § 501, which states, “The Gaming Disputes Court shall have exclusive original jurisdiction over all cases with respect to which the Tribe has conferred subject matter jurisdiction pursuant to article 13 of the Mohegan Constitution”. Under article 13 § 2 of the Mohegan Constitution, the Gaming Disputes Court’s jurisdiction is described broadly as:
“(e)xclusive jurisdiction for the Tribe over disputes arising out of or in connection with the Gaming, the actions of the Tribal Gaming Authority, or contracts entered into by the Mohegan Tribe or the Tribal Gaming Authority in connection with Gaming, including without limitation to disputes arising between any person or entity and the Tribal Gaming Authority, including customers, employees or any gaming manager operating *407 under a gaming management agreement with the Tribal Gaming Authority, or any person or entity which may be in privity with such persons or entities as to the gaming matters shall be vested in the Gaming Disputes Court.”
Further, pursuant to M.T.O. 95-4 § 301 et seq., the substantive law of the Mohegan Tribe includes the general statutes of the State of Connecticut, except when such statutes are in conflict with Mohegan Tribal Law. This court finds that the Chapter 903a of the Connecticut General Statutes authorizing the issuance of pre-judgment remedies is not in conflict with Mohegan Tribal Law and as such the substantive rights and remedies created by chapter 903a are a part of the substantive law of the Tribe.
The court finds that the Defendant, Derek S. Bethea duly served with the summons and complaint in this action on July 11, 2000 and that the Defendant, Derek S. Bethea was given timely notice by the clerk of this court of the date of hearing on this Motion.
Based upon the evidence entered at the hearing on August 17, 2000, the court finds that there is probable cause to believe judgment will enter in favor of the Plaintiff against the Defendant taking into account any known defenses, counterclaims or set-offs and it is hereby ordered that the following assets of or claimed by the Plaintiff be attached
“gambling chips issued by Mohegan Sun Casino to Defendant in amount of One Thousand Six Hundred Dollars ($1,600.00), currently held by the Connecticut State Police; and
such other cash, gaming chips, gaming checks, bank accounts, or other liquid assets of the Defendant’s adequate to provide security for judgment in the total amount of Three Thousand Two Hundred Seventy Dollars ($3,270.00).”